# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 98-40002
Summary Calendar

HENRY CHEATHAM,

Plaintiff-Appellant,

versus

C.G. RODRIGUEZ, ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
(G-97-CV-171)

June 9, 1998

Before POLITZ, Chief Judge, HIGGINBOTHAM and PARKER, Circuit Judges.

PER CURIAM:[*]

Henry Cheatham, a Texas state prisoner, appeals the dismissal of his 42 U.S.C. § 1983 complaint, contending that the defendants instituted a false disciplinary proceeding against him and that the proceeding was retaliatory in nature. The district court dismissed the retaliation claim, invoking 28 U.S.C.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1915(e)(2). Our review of the record and Cheatham's brief persuades that we should affirm for essentially the reasons adopted by the district court in its order of November 28, 1997, accepting the Report and Recommendation of the magistrate judge signed on November 13, 1997.

The district court dismissed Cheatham's unjust disciplinary hearing claim for failure to comply with **Edwards v. Balisok**.[1]  Civil rights relief may not be had absent the allegation by the plaintiff that he has been deprived of a constitutional right.[2]  The district court's dismissal of Cheatham's unjust disciplinary hearing claim pursuant to **Edwards** implies that Cheatham alleged an underlying constitutional violation.  Cheatham failed to do so and that reliance, therefore, was in error.  Notwithstanding, on the alternative basis that Cheatham failed to allege an underlying constitutional violation in the disciplinary proceeding, we must affirm.[3]

The judgment appealed is AFFIRMED.

---

[1] 117 S.Ct. 1584 (1997).

[2] **Allison v. Kyle**, 66 F.3d 71 (5th Cir. 1995).

[3] **Bickford v. International Speedway Corp.**, 654 F.2d 1028 (5th Cir. 1981) (judgment may be affirmed on alternative grounds).

2